**FANG YI HE, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 06–0718–ag.**

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Patrick J. Fitzgerald, U.S. Atty. for the Northern District of Illinois, Edmond E. Chang, Clifford C. Histed, and Craig Oswald, Asst. U.S. Attys., Chicago, IL, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Fang Yi He, a citizen of the People's Republic of China, seeks review

of a January 26, 2006 order of the BIA affirming the August 4, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his motion to reopen immigration proceedings. *In re Fang Yi He,* No. A70 888 387 (B.I.A. Jan. 26, 2006), *aff'g* No. A70 888 387 (Immig. Ct. N.Y. City Aug. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"This court reviews the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion." *Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006); *see also Fuentes–Argueta v. INS,* 101 F.3d 867, 870 (2d Cir.1996). As the government notes, the Attorney General does "not abuse his discretion in denying reopening based on [an applicant's] flagrant violation of the federal law in entering the United States, as well as [the] failure to depart voluntarily after his request to do so was honored by the [agency]." *INS v. Rios–Pineda,* 471 U.S. 444, 451, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985).

Here, the BIA affirmed the IJ's decision only on discretionary grounds, noting that even if He had proven eligibility for asylum, it would nevertheless deny him relief. The BIA did not abuse its discretion where He failed to comply with his voluntary departure order for seven years, and where He offered no explanation for his lack of compliance. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006).

Finally, He's withholding of removal and Convention Against Torture claims are deemed waived where (1) he failed to raise the claims before the IJ or BIA, and (2) the government affirmatively objects to the Court addressing the issues on appeal. *See Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 120–21 (2nd Cir.2006).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).