**BIN LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 05–5645–ag.

United States Court of Appeals,
Second Circuit.

Feb. 5, 2008.

Wendy Tso, New York, NY, for Petitioner.

Troy A. Eid, United States Attorney, District of Colorado, Mark S. Pestal, Assistant United States Attorney, Denver, CO, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

R. Gonzales pursuant to Fed. R.App. P. 43(c)(2).

### SUMMARY ORDER

Bin Lin, a native and citizen of the People's Republic of China, seeks review of the October 4, 2005 order of the BIA denying his motion to reopen his removal proceedings. *In re Bin Lin*, No. A73 549 314 (B.I.A. Oct. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen must be filed within 90 days of the entry of the final decision in the underlying proceeding. Claims of ineffective assistance of counsel may provide a sufficient basis for equitable tolling of the 90–day period if the movant shows that his due process rights were violated by the conduct of counsel and that he "exercised due diligence in pursuing the case during the period [he] seeks to toll." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (quoting *Iavorski v. INS.*, 232 F.3d 124, 135 (2d Cir.2000)).

Here, there is no dispute that Lin's August 2005 motion was untimely because the BIA issued its decision affirming the IJ's order of removal in September 1997. Lin argues that he qualifies for an exception to the 90–day deadline because he received ineffective assistance of counsel from his prior attorneys and acted with due diligence as soon as he learned about the deportation order. Lin contends that he immediately hired two law firms to pursue his case once he learned of his prior counsels' ineffective assistance. The BIA, however, found that Lin failed to establish that he exercised due diligence because his affidavit "is vague as to what steps he took in the over 7–year period preceding the filing of [his] motion, to find out about the status of the deportation order against him." The BIA did not abuse its discretion in making this finding, as Lin's affidavit does not indicate that he made any efforts to pursue his case after he filed his appeal.

While Lin contends that he should be afforded special consideration because he was only seventeen when he was placed in deportation proceedings, this argument is ultimately unavailing. Even assuming that the period of time while Lin was still a minor should be tolled, he became an adult (for immigration purposes) in January 2001, when he turned 21, *see* 8 U.S.C. § 1101(b)(1). He has not shown how he exercised due diligence from that time until he submitted his motion to reopen in August 2005.

Lin also argues that the BIA should have tolled the time between its denial of his appeal in September 1997 and his discovery of that denial in August 2004. This argument is also unavailing because Lin did not file his motion to reopen until August 2005, about one year later. Lin's affidavit contains only a vague assertion that he immediately sought to reopen his case by submitting "several letters" asking the Office of Chief Counsel to join in his motion to reopen but does not show what steps he took during that year to reopen his case.

The BIA did not abuse its discretion in denying Lin's motion to reopen. *See Cekic v. Gonzales*, 435 F.3d 167, 170 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).