**JIN XIAO, also known as Hsin Kuang Chen, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

**No. 06–4748–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2008.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Vlad Kuzmin, Kuzmin & Associates, PC, New York, NY, for Petitioner.

Anthony J. Jenkins, United States Attorney for the District of the Virgin Islands, James S. Carroll III, Assistant United States Attorney, St. Thomas, VI, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Circuit Judges, and Hon. NICHOLAS G. GARAUFIS,** District Judge.

### SUMMARY ORDER

Petitioner Jin Xiao, a native and citizen of China, petitions for review of a decision of the BIA affirming the decision of the IJ denying his motion to reopen proceedings. *In re Jin Xiao,* No. A73 148 303 (BIA Sept. 14, 2006), *aff'g* No. A73–148–303 (Immig. Ct. N.Y. City Apr. 24, 2006). We assume the parties' and counsel's familiarity with the underlying facts and procedural history of the case, and with the issues raised by this petition.

After attempting to enter the United States illegally in 1994, Xiao was placed in exclusion proceedings pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), (a)(7)(A)(i)(I). A hearing was originally scheduled for May 14, 1996, but rescheduled for November 22, 1995. Notice of the new hearing date was mailed to Xiao's counsel of record. Neither Xiao nor his counsel attended the November 22, 1995, hearing, and the IJ ordered him excluded *in absentia.*

Acting *pro se,* Xiao filed a motion to reopen on January 23, 1996, stating that he did not receive notice from his attorney about the November 22, 1995, hearing. The IJ denied this motion on April 25, 1996, on the ground that notice to counsel of record is proper notice. The IJ also construed Xiao's motion as alleging ineffective assistance of counsel, but found that Xiao had not met the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), because there was no evidence that Xiao had advised his former attorney of the charge or provided her with an opportunity to respond. Xiao filed an appeal with the BIA on September 10, 1996, which the BIA dismissed as untimely on May 30, 1997.

More than eight years later, on February 23, 2006, Xiao, represented by new counsel, filed a second motion to reopen, the one at issue in this petition, alleging the ineffective assistance of his original counsel for failing to inform him of the

revised hearing date, and also alleging the ineffective assistance of a non-attorney who assisted him with his first motion to reopen. The IJ denied the motion to reopen on the grounds that (1) res judicata barred Xiao's attempt to argue that notice was improper; (2) although Xiao had partially complied with *Matter of Lozada,* he had not complied with all of the requirements; (3) the alleged ineffective assistance of the non-lawyer did not violate Xiao's right to counsel; and (4) the evidence did not show that Xiao had not received notice or that his original counsel was ineffective. The BIA affirmed on those grounds, and also on the ground that Xiao had not shown due diligence in pursuing his claim. Xiao now petitions us for review.

"Where, as here, the BIA adopts and affirms the decision of the IJ, and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA." *Islam v. Gonzales,* 469 F.3d 53, 55 (2d Cir.2006). We review the denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005).

■ As relevant to this case, a motion to reopen must be filed within 180 days of an order entered in absentia in deportation proceedings if the alien can show "exceptional circumstances," 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), or at any time if the alien demonstrates that he or she did not receive notice, 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2).

It is undisputed that Xiao's counsel received notice of his November 22, 1995, hearing, and the mailing of notice to counsel of record satisfied the notice requirement. *See* 8 C.F.R. §§ 3.13, 3.26 (1995). Therefore the BIA properly held that Xiao could not avoid the 180–day time limit by contending that he did not receive notice.

■ The 180–day limit in 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) may be equitably tolled if the motion to reopen is based on a claim of ineffective assistance of counsel, but "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. I.N.S.,* 435 F.3d 167, 170 (2d Cir.2006).

The BIA did not abuse its discretion in finding that Xiao had not shown due diligence. Xiao's appeal of his first motion to reopen was dismissed on May 30, 1997. Xiao has provided no explanation for the eight-year delay between the decision on his first motion to reopen and the filing of his second motion to reopen alleging ineffective assistance of counsel on February 23, 2006.

Because Xiao has not shown due diligence, we need not reach the other issues raised by his petition, including the thornier question of whether *res judicata* would bar Xiao's later attempt to comply with *Matter of Lozada.*

For the foregoing reasons, the petition for review is hereby DENIED.