**LUN YE CHAO, also known as Yi Lun Chao, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General for the United States,\* Respondent.**

No. 08–3257–ag.

United States Court of Appeals, Second Circuit.

May 15, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, N.Y., for Petitioner.

Michael F. Hertz, Acting Assistant Atttorney General, Civil Division, Keith I. McManus, Senior Litigation Counsel, R. Alexander Goring, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Lun Ye Chao, a native and citizen of the People's Republic of China, seeks review of a June 11, 2008 order of the BIA denying his motion to reopen his deportation proceedings. *In re Lun Ye Chao*, No. A74 588 511 (B.I.A. June 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there are no such limitations where the alien establishes materially "changed circumstances arising in the country of nationality," and the evidence thereof "was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Additionally, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised due diligence in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006). We review the denial of a motion to reopen for an abuse of discretion. *E.g., Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). Here, the BIA did not abuse its discretion in denying Chao's motion to reopen as untimely where it was filed almost three years after the BIA's decision affirming the denial of relief by an immigration judge ("IJ").

■ We find no error in the BIA's conclusion that Chao failed to exercise due diligence in pursuing his ineffective assistance of counsel claim. As the BIA found, Chao did not explain why he failed to raise that claim in his *pro se* appeal to the BIA after the IJ denied his applications for relief. Even if the deadline should have been tolled when Chao proceeded *pro se*, he does not assert when he discovered the ineffective assistance. Although Chao argues that he could not have filed his motion earlier because he could not afford to hire another attorney until shortly before he filed his motion, no evidence indicates that Chao took any steps to address his prior attorney's ineffective assistance until four and a half years after that representation had concluded. Accordingly, the BIA did not abuse its discretion in finding that Chao failed to exercise due diligence in pursuing any ineffective assistance claim. *See Rashid v. Mukasey*, 533 F.3d 127, 132–33 (2d Cir.2008) (finding no exercise of due diligence where fourteen months elapsed from the time the petitioner knew or

should have known of the alleged ineffective assistance, in part because "an alien is required to exercise due diligence during the *entire* period he seeks to toll").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).