SUMMARY ORDER

Petitioners Siau Ming Liem, a native and citizen of Indonesia, and Mee King Wong, a native and citizen of Malaysia, seek review of the August 22, 2008 order of the BIA denying their motion to x’eopen or reconsider. In re Siau Ming Liem, and Mee King Wong, Nos. A096 266 890/891 (B.I.A. Aug. 22, 2008). We assume the parties’ familiarity with the cases’s undex’lying facts and procedural history.
We review the denial of a motion to reopen for abuse of discretion. See Cekic *140 v. INS, 435 F.3d 167, 170 (2d Cir.2006). Under 8 C.F.R. § 1003.2(c)(2), applicants may file only one motion to reopen their proceedings and that motion must be filed within 90 days of the entry of the final decision in the underlying proceeding. Applicants may be excused from compliance with the time and numerical limitations on motions to reopen, however, if they submit evidence establishing “changed country conditions arising in the country of nationality.” 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(h). Such a motion shall not be granted unless it appears that the evidence offered in support of the motion “is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(h).
As an initial matter, to the extent that Liem attempts to challenge the BIA’s November 2007 denial of his first motion to reopen, that order is not properly before this Court and we dismiss the petition for review to that extent. See Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 89-90 (2d Cir.2001). Only the BIA’s August 2008 decision denying Liem’s motion to reconsider or reopen is properly before us as that is the only decision from which he filed a timely petition for review. See 8 U.S.C. § 1252(b)(1). Moreover, Liem has waived any challenge to the agency’s denial of his motion inasmuch as it sought reconsideration of the BIA’s November 2007 decision. See Zhang v. Gonzales, 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir.2005).
The Agency did not abuse its discretion by denying Liem’s August 2008 motion to reopen, which was indisputably untimely. See 8 C.F.R. § 1003.2(c)(2). The BIA did not err in finding that Liem failed to demonstrate changed country conditions sufficient to excuse the untimeliness of his motion, because the “new” evidence he submitted was duplicative of the evidence he submitted with his first motion to reopen. See 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).