08-6059-ag
Zhang v. Holder

BIA
A077 224 386

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand ten.

PRESENT:
>       DENNIS JACOBS,
>           *Chief Judge*,
>       JOHN M. WALKER, Jr.,
>       GERARD E. LYNCH,
>           *Circuit Judges*.

_____

MING DI ZHANG,
>       *Petitioner*,

>       v.                                    08-6059-ag

>                                             NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Genevieve Holm, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ming Di Zhang, a native and citizen of the People's Republic of China, seeks review of the November 20, 2008, order of the BIA denying his motion to reopen. *In re Ming Di Zhang*, No. A 077 224 386 (B.I.A. Nov. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Zhang's untimely and number-barred motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The regulations provide that "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). Zhang does not dispute that his June 2008 motion was untimely and number-barred. Rather, he argues that the BIA should have tolled the time and number limitations to

2

accommodate his ineffective assistance of counsel claim. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing the claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 135 (2d Cir. 2008). The BIA did not abuse its discretion in declining to equitably toll the filing deadline, as it found that Zhang failed to demonstrate due diligence.[1] *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Zhang alleges that his prior counsel failed to: (1) file a notice of appearance with the BIA; (2) inform him that the BIA had issued a decision regarding his first motion to reopen; and (3) advise him that the BIA would mail him a copy of his

---

[1] Zhang's motion raised serious questions as to his credibility. First and foremost, he blamed one attorney for failing to inform him of the BIA's denial of a motion he had hired that attorney to file. However, the record reflects that Zhang had hired a different attorney to file the motion in question, and that said attorney had indeed filed the motion. Zhang has never explained how it came to be that he retained two attorneys to file the same motion or why, if he ended his relationship with the first attorney, that attorney still filed a motion to reopen on his behalf. The BIA charitably called Zhang's motions "inconsistent."

3

decision. However, Zhang should have become aware of the alleged ineffectiveness as of September 2007, because he knew by then that the BIA had issued a decision regarding his June 2006 motion. Because the BIA did not abuse its discretion in declining to equitably toll the filing deadline for Zhang's motion to reopen, we need not consider his argument that he was prejudiced by the allegedly ineffective assistance he received. *See Cekic*, 435 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4