10-5207-ag
Lin v. Holder

BIA
Weisel, IJ
A070 896 924

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YI DA LIN,
> *Petitioner,*

v.                                                          10-5207-ag
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Wendy Tso, New York, New York.

FOR RESPONDENT:        Tony West, Asistant Attorney General; Terri J. Scadron, Assistant Director; Lisa Morinelli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yi Da Lin, a native and citizen of the People's Republic of China, seeks review of a November 30, 2010, decision of the BIA, affirming the June 8, 2010, order of Immigration Judge ("IJ") Robert D. Weisel denying his motion to reopen. *In re Yi Da Lin,* No. A070 896 924 (B.I.A. Nov. 30, 2010), *aff'g* No. A070 896 924 (Immig. Ct. N.Y. City June 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we note that the agency erred in referring to Lin's motion, which sought to present new evidence in support of rescinding an *in absentia* removal order, as a motion to reconsider as opposed to a motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001) (providing that a motion to reconsider must specify error in a prior agency decision, whereas a motion to reopen must present new facts and evidence). However, remand to correct this error would be futile because, as discussed below, the agency reasonably considered the new

evidence and arguments made in Lin's motion as if it were a motion to reopen and we can confidently predict that its analysis would be the same on remand. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008).

We have reviewed the denial of Lin's motion to reopen for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). An order of removal entered *in absentia* may be rescinded only: (1) upon a motion filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances; or (2) upon a motion to reopen filed at any time if the alien demonstrates that he did not receive notice as required or demonstrates that he was in federal or state custody and the failure to appear was through no fault of his own. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Although Lin claimed not to have received his Notice to Appear because it was provided to him in English, we have rejected the argument that a Notice to Appear is defective because it is not read to an alien in his native language. *See Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006). Therefore, Lin's motion rested on his argument that exceptional circumstances, namely the

-3-

ineffective assistance of his immigration services agency, caused his failure to appear at his hearing, and his motion was subject to a 180-day time limitation. *See id.; see also* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). That motion, filed in 2010, was undisputably untimely as it was filed more that eleven years after the IJ's 1998 *in absentia* order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

The agency did not abuse its discretion in declining to equitably toll the time period for filing Lin's motion because he failed to demonstrate that he exercised due diligence in pursuing reopening based on the ineffective assistance of an immigration services agency. In order to warrant equitable tolling, even assuming that a movant demonstrated that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 131-32 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). We have noted that, in considering whether a petitioner exercised due diligence,

-4-

"there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Here, the agency reasonably found that Lin failed to demonstrate that he acted with due diligence because, aside from asking unidentified friends and agencies for advice regarding how to proceed immediately after learning that his agency had closed in 1998, he failed to take any action in his proceedings for more than eleven years, until he was detained in 2010. *See Cekic*, 435 F.3d at 171; *see also Jian Hua Wang*, 508 F.3d at 715. Thus, as the agency reasonably concluded that Lin failed to demonstrate due diligence in pursuing his claim, it did not err in declining to toll the time period for filing his motion to reopen. *See Jian Hua Wang*, 508 F.3d at 715-16.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

-5-

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk