10-753-ag
Zahra v. Holder

BIA
Weisel, IJ
A073 650 277

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of January, two thousand twelve.

PRESENT:
  JON O. NEWMAN,
  JOSÉ A. CABRANES,
  RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

_____

FATIMATA ZAHRA,
      *Petitioner,*

                                        10-753-ag

      v.                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Fatimata Zahra, *Pro Se*,
                     Brooklyn, New York

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Keith I. McManus, Senior
                     Litigation Counsel; P. Michael
                     Truman, Attorney, Office of
                     Immigration Litigation, Civil
                     Division, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner, Fatimata Zahra, a native and citizen of Mauritania, seeks review of a February 4, 2010, order of the BIA affirming the January 14, 2009 decision of Immigration Judge ("IJ") Robert D. Weisel denying her motion to reopen her removal proceedings. *In re Fatimata Zahra*, No. A073 650 277 (B.I.A. Feb. 4, 2010), *aff'g* No. A073 650 277 (Immig. Ct. N.Y. City Jan. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen to apply for relief based on new evidence or to rescind an *in absentia* order for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005), *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). The statute and regulations provide that an alien may file one motion to reopen proceedings based on new, previously unavailable evidence, but that motion must be filed within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A),(C);

8 C.F.R. § 1003.23(b). Where the motion to reopen requests recission of an *in absentia* order based on "exceptional circumstances" to excuse the failure to appear, the motion must be filed within 180 days of the *in absentia* order. 8 U.S.C. § 1229a(b)(5)(C)(i). The motion to reopen at issue was filed outside of both the 90- and 180-day periods, as Zahra was ordered removed in 2002 and did not file the motion until 2008.

Zahra argues, however, that the agency abused its discretion in denying her motion because the time limitation should have been excused based on ineffective assistance of counsel. The deadline for filing a motion to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating her rights. *See Cekic v. I.N.S.*, 435 F.3d 167, 171 (2d Cir. 2006). Here, the BIA did not abuse its discretion in determining that Zahra failed to exercise due diligence because, although Zahra had knowledge of her final order of removal in September 2002, she waited six years, until November 2008, to file her motion. Moreover, Zahra did not indicate that she took any steps to pursue or check on the status of her case between August

3

2005 and April 2008, despite having been ordered removed in 2002, and having been aware in 2005 that a motion to reopen either had not previously been filed or had been unsuccessful. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (finding a lack of due diligence when petitioner failed to investigate status of appeal for approximately two years); *Cekic*, 435 F.3d at 172 (denying motion to reopen where petitioners' "submissions in support of their second motion to reopen fail[ed] to provide even the slightest indication that they took any action to protect themselves.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4