10-2425-ag
Jakaj v. Holder

BIA
Videla, IJ
A074 855 359

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>     *Chief Judge,*
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
>     *Circuit Judges.*

_____

MIRELLA JAKAJ,
>     *Petitioner,*

>     v.                                    10-2425-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:      Mary Elizabeth Delli-Pizzi, Babylon
                     Village, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General,
                     Civil Division; Michael P. Lindemann,
                     Assistant Director, Office of Immigration
                     Litigation; Lyle D. Jentzer, Civil
                     Division, United States Department of
                     Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mirella Jakaj, a native and citizen of Albania, seeks review of a June 15, 2010, order of the BIA affirming the July 31, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla denying her motion to reopen. *In re Mirella Jakaj*, No. A074 855 359 (B.I.A. June 15, 2010), *aff'g* No. A074 855 359 (Immig. Ct. N.Y. City July 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the agency's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

Because Jakaj's motion to reopen was untimely, she was required to establish changed country conditions to except it from the time limit or that the time limit should be equitably tolled because she received ineffective assistance of counsel. *See* 8 U.S.C. § 1229a(c)(7)(C); *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The agency found that she established neither, and accordingly denied her motion as untimely.

Jakaj argues that the agency abused its discretion in failing to consider her evidence about conditions in Albania and concluding that she did not establish changed country conditions. This argument is unavailing because the record does not compel the conclusion that the agency did not consider Jakaj's evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) (providing that this Court will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Indeed, the agency explicitly discussed the key parts of Jakaj's evidence of changed country conditions: her evidence about general conditions in Albania and her claim that her uncle was murdered. While the agency did not explicitly address Jakaj's evidence that in 1993 masked men looking for her confronted her family in Albania or that in 2008 a family member was attacked by masked men, that evidence did not show a material change in country conditions, as the 1993 incident occurred before Jakaj's initial removal hearing and Jakaj did not present evidence establishing the identity or motives of the 2008 attackers, or why that incident established a change. *See Matter of S-Y-G-*, 24 I. & N. Dec.

3

247, 253 (BIA 2007) (explaining that in evaluating whether an applicant has established changed country conditions, the agency "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Having considered her evidence, the agency did not abuse its discretion in finding that Jakaj did not establish changed country conditions. When Jakaj first applied for asylum in 1997 she asserted that the Socialist Party killed and threatened its opponents. As the agency reasonably concluded, any evidence that the Socialist Party continued to perpetrate political violence did not show a *change* in country conditions, but at most that conditions had not changed despite the 2005 election following which the Socialist Party lost power. As the agency concluded, the murder of Jakaj's uncle in 2004, though regrettable, established only the continued persecution of her family (while the Socialist Party was in power), not a change in conditions in Albania.

Jakaj also argues that the agency erred in failing to reopen her proceedings based on her allegation of ineffective assistance of counsel. However, because Jakaj's

4

motion to reopen was filed nearly ten years after her initial removal order, she was required to show that she "'exercised due diligence in pursuing the case'" in order to toll the time limits on motions to reopen. *See Cekic*, 435 F.3d at 170 (quoting *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000)). The agency did not abuse its discretion in finding that she did not meet this burden because Jakaj submitted no evidence that she pursued her case in any way between 1998 and 2008. *Id.*

Finally, Jakaj was not deprived of due process because she had an opportunity to present her evidence to the IJ and BIA in her motion to reopen and the agency did not err in denying that motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (noting that due process requires that an applicant receive "a full and fair opportunity to present her claims").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5