**Edin CEKIC and Samka Cekic, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket Nos. 03–4270(L), 03–4271(CON).**

United States Court of Appeals, Second Circuit.

Argued: Sept. 8, 2005.

Decided: Jan. 18, 2006.

Sokol Braha, Joshi & Associates, PC, New York, NY, (Sunit K. Joshi, on the brief), for Petitioners.

Michael E. Hegarty, Assistant United States Attorney, for William J. Leone, Acting United States Attorney for the District of Colorado, Denver, CO, (Hamid M. Khan, on the brief), for Respondent.

Before: CARDAMONE,
McLAUGHLIN, and POOLER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Edin and Samka Cekic, and their daughter, Ines, petition for review of the Board of Immigration Appeals' (the "BIA") affirmance of a denial of their motion to reopen their removal proceedings. Because we find that the BIA did not abuse its discretion in finding that the Cekics failed to act with reasonable diligence, we deny the petition for review.

## BACKGROUND

The Cekics are citizens and nationals of Bosnia, a republic of the former country of Yugoslavia. They are Moslem. Following the ascendency of Slobodan Milosevic to the office of President of Serbia in 1989, the political climate in Yugoslavia became untenable for members of the Bosnian minority, particularly those of the Islamic faith. Consequently, the Cekics fled Yugoslavia and gained entry into the United States in 1994 by fording the Rio Grande river outside El Paso, Texas. The Cekics then traveled to New York City, by way of Dallas.

In May 1994, the Cekics applied for asylum and withholding of removal based upon alleged persecution due to their religious beliefs. In March 1996, the Immigration and Naturalization Service (the "INS") issued to the Cekics an order to show cause why they should not be re-moved. They were ordered to appear before an Immigration Judge ("IJ") in New York City that June. At some point during the next three months, the Cekics relocated to Las Vegas, Nevada. On June 17, 1996, only two days before their scheduled hearing in New York City, the Cekics retained counsel. Unhappily, their attorney advised them that they need not attend the June 19 hearing because she would file a motion for change of venue to Nevada. Relying on this ill-conceived advice, the Cekics did not appear at the hearing.

On June 19, the IJ, not yet having received the motion for change of venue, went forward with the hearing and ordered that the Cekics be removed *in absentia*. When the IJ received the motion for change of venue on June 20, he denied it as moot. The Cekics' attorney later admitted to advising them not to attend the hearing and blamed the untimely filing of the motion on one of her "office runners," who failed to get the motion to Federal Express on time.

The Cekics' attorney, apparently without their knowledge, filed a timely motion to reopen their removal proceedings, which was denied in July 1996. The IJ concluded that the Cekics had not made the necessary showing of exceptional circumstances to excuse their failure to appear at the June 19 hearing. *See* 8 U.S.C. § 1229a(e)(1) (defining "exceptional circumstances"). The Cekics' attorney, again without their knowledge, appealed this decision to the BIA.

In November 1998, the BIA affirmed the IJ's denial of the Cekics' motion to reopen. The INS then sent the Cekics a letter notifying them of the 1996 order of removal. The Cekics claim that they did not become aware of the 1996 order of removal until they received this letter in 1998.

During the period between the 1996 order and the 1998 letter, the Cekics were in contact with their attorney's secretary, who reportedly told them that their attorney was unavailable but "taking care of [their] case." These assurances satisfied the Cekics that their claims were being pursued. After they received the INS letter in 1998, the Cekics met with another attorney who declined to take their case.

Unbeknownst to the Cekics, they were granted Temporary Protected Status ("TPS") at some point in the late 1990s, presumably due to the efforts of their original attorney in Las Vegas. They were made aware of this status only when, in 2000, they received notice that it had expired.

In late 2002, almost four years from the date of the BIA's affirmance of the IJ's denial of their motion to reopen, the Cekics retained new counsel and filed an untimely motion to reopen their removal proceedings based upon ineffective assistance of counsel. The BIA acknowledged that the Cekics satisfied the evidentiary requirements for bringing such a claim, as set forth in *In re Lozada*, 19 I & N Dec. 637 (BIA 1988), but denied the motion to reopen, concluding that the Cekics did not exercise due diligence by waiting nearly four years after learning of the *in absentia* order of removal against them to file the motion.

The Cekics now petition this Court for review of the BIA's decision.

## DISCUSSION

The Cekics contend that the BIA abused its discretion by denying their motion to reopen their removal proceedings because they received ineffective assistance of counsel, which they believe should have tolled the deadline for filing the motion. We cannot agree.

■ This court reviews the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). The BIA abuses its discretion when its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

■ To be timely, a motion to reopen must be "filed not later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). However, because "[c]laims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present 'new facts' that are 'material and [were] not available and could not have been discovered or presented at the former hearing,' " *Iavorski*, 232 F.3d at 129 (citing 8 C.F.R. § 3.23(b)(3) (2000) (recodified at 8 C.F.R. § 1003.23(b)(3) (2003))), filing deadlines for motions to reopen premised on ineffective assistance may be subject to an equitable toll. Tolling is available if the alien can demonstrate that (1) his counsel's conduct violated the alien's constitutional right to due process, and (2) the alien "has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Id.* at 135.

Both prongs of this test must be met. Thus, no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled. *See id.*

In order to establish that counsel was ineffective, the Cekics must demonstrate (1) "that competent counsel would have acted otherwise," and (2) that they were "prejudiced by . . . counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (citation omitted). This Court uses its own judgment as to whether counsel was effective. *See, e.g., Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993).

█ We have no doubt that competent counsel would not have followed the perilous path chosen by the Cekics' attorney. The attorney's first glaring error was to advise the family that they need not attend the hearing in New York. The attorney's subsequent filing of a motion to change venue in an untimely fashion resulted in the IJ issuing an *in absentia* order of removal against the family. The attorney then assured the family (more often than not through her assistant) that all was well and the case was progressing. In truth, all was not well. Moreover, it is beyond doubt that the Cekics were prejudiced by their attorney's actions. Had the attorney properly advised the family of the need to attend the hearing in New York, they would have had an opportunity to present their case.

█ The question here is whether the Cekics exercised due diligence. In a situation where ineffective assistance of counsel prevents an alien from having the opportunity to present his case for relief, the filing deadline for motions to reopen will be equitably tolled until the ineffective assistance "is, or should have been, discovered by a reasonable person in the situation." *Iavorski*, 232 F.3d at 134. From the point at which the ineffective assistance of counsel should have been, or was in fact, discovered, "an alien must demonstrate . . . that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Id.* at 135. Furthermore, the parties seeking such tolling bear the burden of proving that they were in fact diligent. *See id.*

█ In this case, the BIA determined that the Cekics should have discovered the ineffective assistance when they learned of the 1996 order of removal in 1998, and emphasized that they waited four years to file their second motion to reopen. The fact that the Cekics sought out new counsel in 1998, upon learning of the 1996 order of removal, suggests that they questioned the quality of the representation they had received. However, bearing in mind their unfamiliarity with immigration law, we find that the Cekics' reliance upon their attorney's repeated assurances that their case was being pursued was probably reasonable.

Thus, the point at which the Cekics should have been aware that they were denied effective assistance of counsel was when they received notice that their TPS status had expired in 2000. At this point, the Cekics had lost touch with their attorney and were aware that there was an order of removal against them. Upon learning of the expiration of their TPS status, it was no longer reasonable for the Cekics to rely upon the past assurances of their attorney. Therefore, the relevant period of time during which the Cekics must show that they exercised due diligence is not the four years between 1998 and 2002, but rather the two years between the TPS notice in 2000 and the time when the Cekics ultimately filed their second motion to reopen in 2002.

█ Even though we disagree with the BIA regarding when the Cekics should have learned that they had received ineffective assistance, we do agree with the BIA's ultimate decision that the Cekics were not reasonably diligent. We are sympathetic to the Cekics' position, but the fact remains that they provided the BIA with no evidence whatsoever that they were diligent between 2000 and 2002. The

Cekics' submissions in support of their second motion to reopen fail to provide even the slightest indication that they took any action to protect themselves. *Cf. id.* at 134 (denying petition for review of BIA's denial of a motion to reopen for lack of due diligence where alien allowed two years to pass between his deportation hearing and his next effort towards investigating his claim). In this case, the Cekics' failure to show that they took any actions whatever to vindicate their rights is fatal to their petition for review.

Mindful of the deferential standard of review and the fact that the Cekics bore the burden to show that they exercised due diligence, we find that the BIA did not abuse its discretion in affirming the IJ's denial of the Cekics' motion to reopen.

## CONCLUSION

Based on the foregoing, the petition for review is DENIED.[1]

---

1. The motion for the admission *pro hac vice* of Michael E. Hegarty is GRANTED, *nunc pro tunc* as of September 8, 2005.