**GONG ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4523.**

United States Court of Appeals, Second Circuit.

June 19, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Attorney General Alberto Gonzales for former Attorney General John Ashcroft as the respondent in this case.

\*\* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Wendy Tso–Horiuchi, Law Office of Wendy Tso–Horiuchi, P.C., New York, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma (Kay Sewell, Assistant United States Attorney, of counsel), Oklahoma City, OK, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

Petitioner Gong Zheng petitions this court for review of an August 16, 2005 decision by the BIA denying Zheng's motion to reopen his asylum proceedings. Zheng argues that he was denied effective assistance of counsel in his asylum proceedings and that the BIA therefore abused its discretion in not granting his motion to reopen them. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented by this petition.

"When the BIA has applied the correct law, its decision to deny a motion to reopen deportation proceedings is reviewed to determine whether the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Iavorski v. United States INS*, 232 F.3d 124, 128 (2d Cir.2000) (internal quotation marks and citation omitted).

The ninety-day time limit for filing a motion to reopen asylum proceedings provided in 8 C.F.R. § 1003.2(c)(2) is subject to equitable tolling. *Iavorski*, 232 F.3d at 132. However, an alien seeking to toll the deadline on the ground that he was prejudiced by ineffective assistance of counsel must show that he "has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Cekic v. I.N.S.*, 435 F.3d 167, 170 (2d Cir.2006) (internal quotation marks and citation omitted).

Here, the BIA affirmed Zheng's order of deportation in 1998. Zheng petitioned for an adjustment of status to legal permanent resident based on his wife's citizenship in March 2003, but he did not request that the Department of Homeland Security join in a motion to reopen his proceedings until March 11, 2004 and did not file his own motion to reopen until March 2005. Because Zheng presents no evidence that he learned of his need to file a motion to reopen within ninety days of when he first began pursuing his claim for ineffective assistance of counsel, he has not demonstrated that he exercised the requisite due diligence during period he seeks to toll. *Cekic*, 435 F.3d at 171. We therefore conclude that the BIA did not abuse its discretion in refusing to reopen Zheng's asylum proceedings.

For the foregoing reasons, the petition for review is DENIED.

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.