Artur SULTANYAN, Petitioner,

v.

Michael B. MUKASEY, Attorney
General,* Respondent.

No. 07–4669–ag.

United States Court of Appeals,
Second Circuit.

July 31, 2008.

Reynold E. Finnegan, Finnegan & Diba,
Los Angeles, CA, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant At-
torney General, Civil Division, Linda S.
Wernery, Assistant Director, Leslie
McKay, Senior Litigation Counsel, Office
of Immigration Litigation, U.S. Depart-
ment of Justice, Washington DC, for Re-
spondent.

Present: ROSEMARY S. POOLER,
PETER W. HALL, Circuit Judges, and
DAVID G. TRAGER,** District Judge.

### SUMMARY ORDER

Artur Sultanyan, a native and citizen of
Armenia, seeks review of a September 28,
2007, order of the BIA, denying reopening
of its January 16, 2004, order affirming an
immigration judge's denial of Sultanyan's
request to reopen and rescind an order of
removal. *In re Artur Sultanyan*, No. A77
900 050 (B.I.A. Sept. 28, 2007). We as-
sume the parties' familiarity with the facts,
the underlying procedural history, and the
issues specified on appeal.

Sultanyan's motion to reopen was un-
timely, but he attempted to show that the
ninety-day time period, *see* 8 C.F.R.
§ 1003.2(c)(2), should have been tolled
based on the ineffective assistance of prior
counsel. The BIA held that although Sul-

---

* Attorney General Michael B. Mukasey, is sub-
stituted for his predecessor in office, Alberto
Gonzales, pursuant to Federal Rule of Appel-
late Procedure 43(c)(2).

** The Honorable David G. Trager, United
States District Judge for the Eastern District
of New York, sitting by designation.

tanyan had complied with the procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A.1988), he had failed to demonstrate that he exercised due diligence during the over three years that passed between the dismissal of his appeal and his filing of the instant motion.

Determining whether an alien has exercised due diligence is a two-step inquiry. *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007). First, the court or agency must decide when the alien was aware or should have been aware of the alleged malpractice. *Id.* Second, the petitioner "bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion to reopen." *Id.* We have held that receipt of notice that an order of removal has been affirmed does not necessarily constitute notice to the alien that he or she has received ineffective assistance of counsel. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006); *see also Jian Hua Wang*, 508 F.3d at 715–16 (assuming that the alien should have known that his prior counsel was ineffective at least by the time he filed his disciplinary complaint against prior counsel).

In this case, the BIA did not determine when Sultanyan should have been aware that his prior counsel had been ineffective. Because the BIA is in a better position than this court to make that determination in the first instance, we grant review, vacate and remand in order that the BIA may determine (1) when Sultanyan should have been aware of any ineffective assistance on the part of prior counsel; and (2) whether Sultanyan exercised due diligence after the date on which he should have been aware of the asserted defects in his representation. Neither the BIA nor this court has reached the issue of whether Sultanyan actually received ineffective assistance or was prejudiced by ineffective assistance. The BIA is, of course, free to reach these issue on remand.\*\*\*

Having completed our review, we dismiss petitioner's motion for a stay of removal as moot.

**Andres ALMONTE, Petitioner,**

**v.**

---

\*\*\* The government contends that Sultanyan questions the merits of the BIA's original affirmance of the IJ's refusal to rescind Sultanyan's in absentia order of removal and argues correctly that we lack jurisdiction to consider the BIA's original order because Sultanyan did not petition for review of that order. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Sultanyan concedes this lack of jurisdiction, but responds that he is not seeking to undo the original order but only arguing that he is entitled to make a motion to rescind at any time if it is based on lack of notice of the date of his hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii). What Sultanyan's argument ignores is that the agency—in a final order—already has decided that he did receive notice of his hearing. Therefore, in order to have an opportunity to address the asserted lack of notice, he must persuade the BIA that he is entitled to reopening of that prior order based on ineffective assistance of counsel. While the BIA may consider Sultanyan's argument on recision should it determine that reopening of its September 28, 2007, order is proper, we have no occasion to consider this issue unless and until the reopening issue is resolved.