SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (“BIA”) decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the government’s motion to strike documents from the joint appendix is GRANTED, and the petition for review is DENIED.
Petitioner Jian Guo Chen, a native and citizen of the People’s Republic of China, seeks review of the January 10, 2008 order of the BIA denying his motion to rescind his in absentia removal order. In re Jian Guo Chen, No. A98 006 741 (B.I.A. Jan. 10, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, we address the government’s motion to strike documents from the joint appendix. As the government argues, in considering a petition for review of a final order of removal, we must “decide the petition only on the administrative record on which the order of removal is based.” 8 U.S.C. § 1252(b)(4)(A). Accordingly, we grant the government’s *393 motion and will not consider the extra-record evidence that Chen submitted with the joint appendix. Id.
We review the BIA’s denial of a motion to rescind for abuse of discretion. See Alrefae v. Chertoff, 471 F.3d 353, 357 (2d Cir.2006). Here, we find that the BIA did not abuse its discretion in denying Chen’s motion to rescind as untimely. See 8 C.F.R. § 1003.23(b)(4)(ii).
In a situation where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled. Cekic v. INS, 435 F.3d 167, 171 (2d Cir.2006) (internal quotation marks and citations omitted). In order to warrant equitable tolling, however, an alien is required to demonstrate that he exercised “due diligence” in pursuing his claims. See Rashid v. Mukasey, 533 F.3d 127, 133 (2d Cir.2008). We have noted that “there is no period of time which we can say is per se unreasonable, and, therefore, disqualifies a petitioner from equitable tolling — or, for that matter, any period of time that is per-se reasonable.” Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007).
We find no abuse of discretion in the BIA’s conclusion that Chen failed to exercise due diligence where he admitted that he did not take any action in his proceedings between December 2005, when the BIA dismissed his appeal of the IJ’s denial of his first motion to rescind, and November 2007, when he filed his second motion to rescind. See id. Moreover, as the argument Chen raised in his second motion to rescind was virtually identical to the argument that the agency had previously rejected in considering his first motion to rescind, Chen cannot claim that he was unaware of his prior counsel’s purportedly ineffective assistance. The BIA did not abuse its discretion in declining to equitably toll the time limitation for filing Chen’s motion.
For the foregoing reasons, the government’s motion to strike documents from the joint appendix is GRANTED, and the petition for review is DENIED.