SUMMARY ORDER

Petitioner Yan Zhou Dong, a native and citizen of the People’s Republic of China, seeks review of a September 16, 2008 order of the BIA denying his motion to reopen. In re Yan Zhou Dong, No. A073 587 303 (B.I.A. Sept. 16, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, the BIA did not abuse its discretion in denying Dong’s untimely motion to reopen. See 8 C.F.R. § 1003.2(c)(2). Indeed, we find no error in the BIA’s conclusion that Dong failed to exercise due diligence in pursuing reopening based on his claim of ineffective assistance of counsel where he did not describe taking any actions in his proceedings during the ten year period he sought to toll. See Jian Hua, Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007) (citing several cases in which the Court held that “a petitioner who waits two years or longer to take steps to reopen a proceeding ha[d] failed to demonstrate due diligence”). Moreover, Dong’s argument that he demonstrated due diligence after discovering his former counsel’s purportedly ineffective assistance in late 2007 is unavailing where he provided no details as to his actions during the more than nine year period prior to his alleged discovery of his claim. See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir.2008) (requiring a movant to demonstrate “due diligence” in pursuing a claim during “both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed”).
Because the BIA reasonably concluded that Dong failed to demonstrate due diligence in pursuing reopening, it did not err in declining to toll the time period for filing his motion to reopen and in denying his motion as untimely. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006) (requiring an alien to demonstrate due diligence as a factor independent from the requirement of demonstrating that former counsel’s performance was ineffective).
For the foregoing reasons, the petition for review is DENIED.