SUMMARY ORDER

Petitioner Belal Ahmed Chaudhary, a native and citizen of Bangladesh, seeks review of a July 14, 2008 order of the BIA denying his motion to remand and affirming the December 14, 2006 order of Immigration Judge Barbara A. Nelson denying his motion to reopen. In re Belal Ahmed Chaudhary, No. A073 577 947 (B.I.A. July *737 14, 2008), aff'g No. A073 577 947 (Immig. Ct. N.Y. City Dec. 14, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the denial of a motion to reopen for abuse of discretion. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006). Under 8 C.F.R. § 1003.2(c)(2), an applicant may file only one motion to reopen his proceedings and that motion must be filed within 90 days of the entry of the final decision in the underlying proceeding. However, an applicant may be excused from compliance with the time and numerical limitations on motions to reopen if he submits evidence establishing “changed country conditions arising in the country of nationality....” 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion shall not be granted unless it appears that the evidence offered in support of the motion “is material and was not available and could not have been discovered or presented” at the previous hearing. 8 C.F.R. § 1003.2(c)(1).
In this case, the agency did not abuse its discretion in denying Chaudhary’s motion to reopen. See Cekic, 435 F.3d at 170. The BIA did not err in finding that, even if it was not reasonable to expect that Chau-clhary could authenticate the documents that he submitted in support of his motion, the IJ was nonetheless justified in according the documents little to no weight. The unchallenged adverse credibility determination in the underlying proceedings, as well as Chaudhary’s inconsistent and implausible testimony regarding the documents he submitted provided sufficient grounds for the IJ to decline to credit the documents. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147 (2d Cir.2007).
In addition, the BIA did not abuse its discretion in denying Chaudhary’s motion to remand. See Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 157 (2d Cir.2005). Chaudhary argued to the BIA that remand was required because the IJ had based her decision on confused testimony that resulted from interpreter error. The BIA reasonably found that the IJ had ample grounds for declining to credit Chau-dhary’s documents even if Chaudhary’s confused testimony was disregarded. Accordingly, remanding Chaudhary’s case on that basis would be futile, and the BIA did not err in denying the motion.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.