Porras v. Holder

BIA
Montante, IJ
A098 422 587

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of September, two thousand eleven.

PRESENT:
            RALPH K. WINTER,
            JOSÉ A. CABRANES,
            ROBERT D. SACK,
                  *Circuit Judges.*
_____

YESENIA GRETTEL PORRAS,
            *Petitioner,*

                                          10-2336-ag

            v.                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Stephen A. Lagana, Stephen A Pegnam, Lawrence, MA.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Anna Nelson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner, Yesenia Grettel Porras, a native and citizen of Costa Rica, seeks review of a May 28, 2010, order of the BIA affirming the decision of an immigration judge ("IJ"), denying her motion to reopen her removal proceedings. *In re Yesenia Grettel Porras*, No. A098 422 587 (B.I.A. May 28, 2010), *aff'g* No. A098 422 587 (Immig. Ct. N.Y. City June 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.23(b). The motion to reopen at issue was filed outside of this period as Porras was ordered removed in 2005 and did not file the motion until 2008.

Porras argues, however, that the agency abused its discretion in denying her motion because the time limitation

should have been excused based on ineffective assistance of counsel. The deadline for filing a motion to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating her rights. *See Cekic*, 435 F.3d at 171. Here, the BIA did not abuse its discretion in determining that Porras failed to exercise due diligence because, although Porras had knowledge of her final order of removal in 2005, she waited more than three years before raising her ineffective assistance of counsel claim, did not indicate any steps taken between June 2005 and April 2007 to pursue her claim, and did not argue that she relied on any assurances from her former counsel regarding her case. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (holding that petitioner failed to exercise due diligence when, after he knew or should have known of his initial counsel's alleged ineffective assistance, he waited 14 months to further pursue his case); *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007) (holding that waiting 8 months after the receipt of relevant documents did not demonstrate due diligence). *Cf*. *Cekic*, 435 F.3d at 169 (indicating that petitioners could successfully toll a portion of the period sought due to their "reliance upon their attorney's repeated assurances that their case was being pursued.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk