10-2921-ag
Sandoval v. Holder

BIA
Straus, IJ
A075 993 528

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of January, two thousand twelve.

PRESENT:
        ROGER J. MINER,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
            *Circuit Judges*.

_____

MARVIN OSIEL SANDOVAL,
        *Petitioner*,

        v.                      10-2921-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        James A. Welcome, Law Offices of James A. Welcome, Waterbury, CT.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Marvin Osiel Sandoval, a native and citizen of Guatemala, seeks review of a June 14, 2010, order of the BIA affirming the May 13, 2009, decision of Immigration Judge ("IJ") Michael W. Straus denying his motion to rescind an *in absentia* order of removal. *In re Marvin Osiel Sandoval*, No. A075 993 528 (B.I.A. June 14, 2010), *aff'g* No. A075 993 528 (Immigr. Ct. Hartford, CT. May 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed the agency's denial of Sandoval's motion to rescind for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). Because Sandoval's motion to rescind based on his claim that his failure to appear was due to exceptional circumstances was not filed within 180 days of his removal order, he was required to establish that the time limitation on motions to rescind should be equitably tolled. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (c)(7)(C)(iii)(2006); *Cekic v. INS*, 435

F.3d 167, 170 (2d Cir. 2006). The agency reasonably rejected Sandoval's claim for equitable tolling because he did not present any evidence to establish that he "'exercised due diligence in pursuing [his] case'" during the period he sought to toll. *Cekic*, 435 F.3d at 170 (quoting *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000)). Thus the agency did not abuse its discretion in denying Sandoval's motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3