Soumalia v. Holder

BIA
A077 547 856

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:

> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

SEYNI SOUMALIA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-2760-ag
NAC

_____

FOR PETITIONER:        Seyni Soumalia, *pro se*, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Seyni Soumalia, a native and citizen of Mauritania, seeks review of a June 6, 2011, decision of the BIA denying his motion to reopen. *In re Seyni Soumalia*, No. A077 547 856 (B.I.A. June 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien must file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Soumalia's motion to reopen was indisputably untimely because it was filed more than six years after his order of removal became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Moreover, the BIA did not err in declining to equitably toll the time period for filing Soumalia's motion to reopen based on his ineffective assistance of counsel claim. In order to warrant equitable tolling, even assuming that a

2

movant demonstrated that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The BIA did not err in finding that Soumalia failed to demonstrate that he exercised due diligence because he did not assert before the BIA that he took any actions to pursue his case from 2007, when he discovered that his removal proceedings were closed, to 2010, when he hired an attorney to file his motion to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

We may not consider, or remand for the BIA to consider, Soumalia's assertion and supporting evidence that he exercised due diligence in 2007 by hiring a third attorney who provided him with ineffective assistance of counsel because he did not raise this issue or present this evidence to the BIA. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260,

3

269-70 (2d Cir. 2007) (holding that any inherent power to remand "should not" be exercised when "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence."); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (recognizing that, although issue exhaustion is not a jurisdictional requirement, failure to exhaust specific issues is mandatory).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4