12-379
Shalamberidze v. Holder

BIA
Vomacka, IJ
A097 129 785
A097 129 786

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand thirteen.

PRESENT:
        JOHN M. WALKER, JR.,
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
             *Circuit Judges.*
_____

AVTANDIL SHALAMBERIDZE, MIRANDA GABUNIA,
        *Petitioners,*

        v.                                    12-379
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:** Daniel D. Estrin, Brooklyn, New York.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Avtandil Shalamberidze and Miranda Gabunia, natives of the former U.S.S.R. and citizens of Georgia, seek review of a January 12, 2012, decision of the BIA affirming the July 28, 2010, decision of Immigration Judge ("IJ") Alan Vomacka denying their motion to reopen. *In re Avtandil Shalamberidze, Miranda Gabunia*, No. A097 129 785/786 (B.I.A. Jan. 12, 2012), *aff'g* No. A097 129 785/786 (Immig. Ct. N.Y. City July 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). An alien seeking to

2

reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).  There is no dispute that the petitioners' motion to reopen was untimely because it was filed over eighteen months after the IJ ordered them removed in February 2005.

The petitioners contend, however, that the time limitation should be tolled because their former counsel failed to timely file an appeal of the IJ's February 2005 decision, which constituted ineffective assistance of counsel.  The time limitation for a motion to reopen may be tolled due to ineffective assistance of counsel, provided that the movants: (1) allege facts sufficient to show that competent counsel would have acted otherwise and that they were prejudiced by the ineffective assistance; and (2) establish that they exercised due diligence in pursuing their claim.  *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

The IJ did not err in finding that the petitioners did not demonstrate due diligence in pursuing their claim, as they did not adequately explain their delay of seven months

3

between learning of their former counsel's conduct and filing their motion to reopen. *See Cekic*, 435 F.3d at 171; *Jian Hua Wang v. BIA,* 508 F.3d 710, 715-16 (2d Cir. 2007) (affirming agency's finding that the petitioner did not demonstrate due diligence where he did not explain why he delayed five months between filing a complaint against his former counsel and filing his motion to reopen). Petitioners' argument to the BIA that they needed time to obtain and review their complete immigration court case file was not raised before the IJ and was not based on previously unavailable evidence, and thus the BIA did not err in declining to consider this argument or remand to the IJ for further fact-finding. *See* 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.2(c)(1). Accordingly, the agency did not abuse its discretion in denying the petitioners' untimely motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk