Ochoa-Benitez v. Lynch

BIA
Lamb, IJ
A097 528 147

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
>        ROBERT A. KATZMANN,
>             *Chief Judge,*
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

SAUL RUBEN OCHOA-BENITEZ, AKA SAUL
OCHOA, AKA SAUL R. OCHOA,
>        *Petitioner,*

>        v.                                    14-3285
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Julie A. Goldberg, Bronx, New York.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Channah F. Norman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Saul Ruben Ochoa-Benitez, a native and citizen of Mexico, seeks review of an August 14, 2014, decision of the BIA affirming a June 26, 2013, decision of an Immigration Judge ("IJ") denying Ochoa-Benitez's motion to rescind his removal order entered *in absentia*. *In re Saul Ruben Ochoa-Benitez*, No. A097 528 147 (B.I.A. Aug. 14, 2014), *aff'g* No. A097 528 147 (Immig. Ct. N.Y. City June 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the agency's denial of Ochoa-Benitez's motion to rescind for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). An order of removal entered *in absentia* "may be rescinded only--(i) upon a motion

2

to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . .; or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C). Ochoa-Benitez's motion to rescind was subject to the 180-day time limit because he admitted that he received notice of his hearing and asserted that exceptional circumstances should excuse his failure to appear. *See id.* It is undisputed that Ochoa-Benitez's 2013 motion to rescind was untimely filed because the IJ ordered him removed *in absentia* in 2006. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

In order to warrant equitable tolling or establish exceptional circumstances, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.

3

2006).  Ochoa-Benitez failed to demonstrate due diligence.  He did not take any action to pursue reopening in the approximately six years that passed between his unauthorized reentry to the United States in 2007 and his retention of current counsel upon his arrest in 2013.  *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007).  Accordingly, the agency did not abuse its discretion in denying Ochoa-Benitez's motion, and we need not consider his alternative arguments challenging the agency's decision.  *See* 8 U.S.C. § 1229a(b)(5)(C).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4