Lewis v. Lynch

BIA
Cheng, IJ
A095 989 875

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand sixteen.

PRESENT:
  RALPH K. WINTER,
  ROSEMARY S. POOLER,
  DEBRA ANN LIVINGSTON,
      *Circuit Judges.*

_____

WAYNE LEWIS,
      *Petitioner,*

v.                                          15-2133
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:        Audrey A. Thomas, Rosedale, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wayne Lewis, a native and citizen of Trinidad and Tobago, seeks review of a June 3, 2015, decision of the BIA affirming a September 9, 2014, decision of an Immigration Judge ("IJ") denying Lewis's motion to rescind his removal order entered in absentia. *In re Wayne Lewis*, No. A095 989 875 (B.I.A. June 3, 2015), *aff'g* No. A095 989 875 (Immig. Ct. N.Y. City Sept. 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to rescind for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). An order of removal entered in absentia "may be rescinded only--(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . , or (ii) upon a motion to reopen

2

filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C). Because Lewis's attorney of record had notice of his October 2010 hearing, his motion to rescind the IJ's removal order entered in absentia at that hearing was subject to the 180-day time limit, and he was required to demonstrate that exceptional circumstances excused his failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C); *Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006).

It is undisputed that Lewis's 2014 motion to rescind was untimely filed more than three years after his 2010 removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Equitable tolling of the time to file may be available for claims of ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The agency did not err in finding no basis for tolling.

In order to warrant tolling, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point

3

until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic*, 435 F.3d at 170. Lewis failed to demonstrate due diligence. He did not assert that he took any action in his case during the more than three years that passed between the IJ ordering him removed in absentia in October 2010 and his filing of a motion to rescind in April 2014. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007). Lewis's separate claim that he failed to appear due to illness provides no ground for equitable tolling.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4