Wang v. Sessions

BIA
Montante, IJ
A076 022 877

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand seventeen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*
_____

YAN HUA WANG,
*Petitioner*,

v.                                                    14-2825
                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:          John Chang, New York, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Anthony C. Payne,

1

Assistant Director; Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Hua Wang, a native and citizen of China, seeks review of a July 21, 2014, decision of the BIA affirming a July 11, 2013, decision of an Immigration Judge ("IJ") denying her motion to rescind and reopen. *In re Yan Hua Wang,* No. A076 022 877 (B.I.A. July 21, 2014), *aff'g* No. A076 022 877 (Immig. Ct. Buffalo July 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Motion to Rescind

An order of removal entered in absentia "may be rescinded only--(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that

2

10242016-22

the failure to appear was because of exceptional circumstances . . .; or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C). Wang's motion to rescind was subject to the 180-day time limit because she received notice of her hearing but asserted that exceptional circumstances should excuse her failure to appear. *See id.* It is undisputed that Wang's 2013 motion to rescind was untimely because the IJ's in absentia removal order was issued almost fourteen years earlier in 1999. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

In order to warrant equitable tolling or establish exceptional circumstances, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). Wang failed to demonstrate due diligence. She did not inquire about the status of her proceedings between 1999 and

3

2005, and then, when she purportedly discovered her former counsel's ineffective assistance, she took no action to reopen her own proceedings until 2013, and instead pursued asylum only as a derivative beneficiary in her husband's proceedings. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007) (providing that "petitioner bears the burden of proving that [s]he has exercised due diligence in the period between discovering the ineffectiveness of h[er] representation and filing the motion" and citing several cases in which the Court held that "a petitioner who waits two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate due diligence").

Motion to Reopen

Wang sought to reopen to apply for asylum because she fears persecution in China based on both the birth of her two children in the United States purportedly in violation of China's population control program, and her conversion to Catholicism. It is undisputed that Wang's 2013 motion to reopen was untimely because it was filed more than thirteen years after her removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for

4

filing a motion to reopen to apply for asylum does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's determination that Wang failed to demonstrate either a material change in the enforcement of China's population control program or her prima facie eligibility for relief based on the birth of her children. *See* 546 F.3d at 158-72.

Insofar as Wang's motion to reopen was based on her conversion to Catholicism in the United States, the agency did not err in finding that she failed to demonstrate a material change in conditions because her motion to reopen included no evidence of conditions in China at the time of her initial proceedings. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 251, 253, 258 (B.I.A. 2007). Alternatively, the agency did not err in finding that Wang failed to demonstrate her prima facie

5

eligibility for relief based on her religion because she did not submit evidence that Chinese authorities are aware of, or likely to become aware of, her religious practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

6

10242016-22