Lin v. Barr

BIA
A079 141 366

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

BAI XIANG LIN,
> *Petitioner,*

v.                                                     17-2259
                                                       NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:            Margaret W. Wong, Esq.,
                           Cleveland, OH.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General William P. Barr is automatically substituted for former Acting Attorney General Matthew G. Whitaker.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General, Civil Division; Song E. Park, Senior Litigation Counsel; Matt A. Crapo, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bai Xiang Lin, a native and citizen of the People's Republic of China, seeks review of June 23, 2017 decision of the BIA denying his third motion to reopen. *In re Bai Xiang Lin,* No. A079 141 366 (B.I.A. June 23, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion and consider whether its conclusion regarding changed country conditions is supported by substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Lin's 2017 motion to reopen was untimely and number-barred because it was his third motion to reopen, and he filed it nearly 8 years

2

after the BIA affirmed his removal order. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although exceeding the time and number limitations may be excused under certain circumstances, the BIA did not abuse its discretion in concluding that neither ineffective assistance nor a change in country conditions excused petitioner from meeting these limitations in this case.

The time for filing a motion to reopen may be tolled if the movant establishes ineffective assistance of counsel and shows that he acted with diligence in raising the claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008); *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007); *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The BIA did not abuse its discretion in declining to toll the time limit here because Lin raised the same ineffective assistance claim in his prior motion and petition, both of which were denied because he had not shown due diligence. *See Bai Xiang Lin v. Lynch*, 615 F. App'x 706, 707-08 (2d Cir. 2015). Lin did not identify any new information that would merit revisiting the issue now.

Although the time and number limitations for filing a motion to reopen do not apply if reopening is sought to allow

an application for asylum and the motion to reopen is "based on changed country conditions arising in the country of nationality," the evidence submitted must demonstrate a "material" change since the time of the original hearing. 8 U.S.C. § 1229a(c)(7)(A), (C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). The BIA acknowledged the news article and State Department report that Lin submitted, but reasonably concluded that those documents did not reflect a material worsening of conditions in China related to the enforcement of the family planning policy in the relevant time period. Both documents established that China has consistently engaged in coercive population control programs since 1971 and reflect a recent lessening of restrictions, in that China has raised the birth limit from one to two children per couple. Although the news article reports continued harsh

restrictions on people who have more than two children, those restrictions do not constitute a change in country conditions because they were also reflected in the evidence presented at Lin's original hearing. *See In re S-Y-G-*, 24 I. & N. Dec. at 253. Thus, on this record, the agency was not compelled to conclude that Lin's evidence reflected a change in conditions material to his fear of harm as someone who resisted the prior family planning policy. *See* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5