11-2301-ag
Bhojraj v. Holder

BIA
Morace, IJ
A073 611 363
A073 611 365
A073 611 364

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of July, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> *Chief Judge,*
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

_____

TAJRAJ BHOJRAJ, LUCY LILLAWATTIE
PERSAUD, GIBRYON GUSHAN BHOJRAJ,
> *Petitioners,*

> v.                                              11-2301-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Kai W. De Graaf, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Carol H. McIntyre,
                         Assistant Director; Justin R.
                         Markel, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Tajraj Bhojraj, Lucy Lillawattie Persaud, and Gibryon Gushan Bhojraj, natives and citizens of Guyana, seek review of a May 17, 2011 decision of the BI A affirming a February 2, 2009 decision of Immigration Judge ("IJ") Philip L. Morace denying their motion to reopen. *In re Tajraj Bhojraj, Lucy Lilla Wattie Persaud, and Gibryon Gushan Bhojraj*, Nos. A073 611 363/365/364 (B.I.A. May 17, 2011), *aff'g* Nos. A073 611 363/365/364 (Immig. Ct. N.Y. City Feb. 2, 2009). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition for review.

We review the BIA's decision to deny reopening deferentially for abuse of discretion. *See Jian Hui Shao v.*

2

*Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). A motion to reopen must be filed within 90 days of the agency's final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C). Petitioners contend that their motion, filed more than ten years after the IJ's deportation order became final, nevertheless should have been considered because (1) it is based on changed country conditions arising in the country of nationality, *see* 8 C.F.R. § 1003.23(b)(4)(i), and (2) the ineffective assistance of their prior counsel equitably tolled the deadline, *see Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Neither argument is persuasive.

To the extent petitioners fault the BIA for failing to address their evidence of "recent violence and kidnappings," Pet'rs Brief 29, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). Even on appeal, petitioners fail to explain how the proffered evidence of violence demonstrates changed country conditions, particularly in light of the significant evidence of violence that petitioners concede existed at the time of their original asylum application. Under such

3

circumstances, we cannot deem the BIA's conclusion that petitioners failed to show changed country conditions an abuse of discretion.[1]

Nor has petitioner shown that the BIA erred in declining to toll the deadline based on ineffective assistance of counsel. An alien seeking equitable tolling in such a circumstance must show "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). Petitioners contend that they took no action to pursue this claim from 1997 until Tajraj Bhojraj's arrest by Immigration and Customs Enforcement in 2008 because an unnamed colleague of the purportedly ineffective counsel had told them in 1997 that reopening was impossible. The BIA

---

[1] To the extent petitioners suggest that they now will be perceived as wealthy foreigners after having remained in the United States for many years, they submit such a ground only to show their *prima facie* eligibility for relief, not to demonstrate changed country conditions. Although we thus need not consider the issue, we observe that such a change in personal circumstances would not excuse an untimely motion to reopen. *See Wei Guang Wang*, 437 F.3d at 273-74.

4

did not abuse its discretion in concluding that such reliance failed to exhibit reasonable due diligence. *See Jian Hua Wang*, 508 F.3d at 715.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk