11-4235
Goloubev v. Holder

BIA
Videla, IJ
A070 867 219

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of October, two thousand twelve.

PRESENT:
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

_____

SERGUEI GOLOUBEV, AKA SERGIO GOLOUBEV,

*Petitioner,*

v.                                        11-4235
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:        Shilpa Malik, Law Offices of Shilpa
                       Malik, West Palm Beach, FL.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Mary Jane Candaux,
                       Assistant Director; Stefanie A.

**Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Serguei Goloubev, a native of the former Union of Soviet Socialist Republics and a citizen of Russia, seeks review of a September 19, 2011 order of the BIA affirming the June 23, 2011 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his motion to reopen. *In re Goloubev*, No. A070 867 219 (B.I.A. Sept. 19, 2011), *aff'g* No. A070 867 219 (Immig. Ct. N.Y. City June 23, 2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Goloubev has waived any argument regarding the BIA's denial of his motion to remand proceedings for adjudication of an application for adjustment of status. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Furthermore, we deny Goloubev's motion to hold this case in abeyance because even if the I-130 visa petition filed on his behalf and currently pending before United

2

States Citizenship and Immigration Services is granted, Goloubev is barred from adjusting to lawful permanent resident status until 2019. *See* 8 U.S.C. § 1229c(d).

The BIA's decision to affirm the IJ's denial of Goloubev's motion to reopen as untimely was not an abuse of discretion.[1] *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Because the final administrative decision in this case was issued in 2009, Goloubev's 2011 motion was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). However, the time limitation does not apply to a motion to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i); *see* 8 U.S.C.§ 1229a(c)(7)(C)(ii).

---

[1]We grant the government's unopposed motion to supplement the record with a complete copy of the BIA's September 2011 decision.

Here, the BIA did not abuse its discretion in finding that Goloubev failed to establish changed country conditions in Russia with respect to the treatment of ethnic Chechens since the time of his prior proceedings. *See* 8 U.S.C. § 1229a(c)(7); *Cekic*, 435 F.3d at 170. Goloubev argues that riots in Moscow in 2010, in which several dozen individuals of Chechen appearance were attacked and severely beaten, constitute changed country conditions since his 2009 hearing. However, these riots are not sufficient evidence of a change in country conditions because, as Goloubev acknowledges, people of Chechen origin in Russia have been subject to attacks on the basis of their ethnicity for decades. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Moreover, because the evidence Goloubev submitted showing targeting of Chechens relates mainly to conditions existing prior to 2006, the agency's finding that the evidence shows an ongoing conflict, rather than a recent change in conditions, is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

Goloubev also argues that he did not understand the concept of voluntary departure when he applied for and was granted that form of relief in 2009. However, such an

4

assertion does not create an exception to the filing deadlines for motions to reopen. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23(b). Accordingly, the agency did not abuse its discretion in denying Goloubev's untimely motion to reopen because he failed to establish any exceptions excusing the late filing of his motion.

For the foregoing reasons, the government's motion to supplement the record is GRANTED and the petition for review and Goloubev's motion to hold the case in abeyance are DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5