Bah v. Holder

BIA
Schoppert, IJ
A095 148 838

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand thirteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

IBRAHIM BAH,
*Petitioner,*

v.                                          12-3184
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Theodore Vialet, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Emily Anne
                       Radford, Assistant Director; Jesse
                       Lloyd Busen, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ibrahim Bah, a native and citizen of Sierra Leone, seeks review of a July 26, 2012 decision of the BIA affirming an October 7, 2010 decision of an Immigration Judge ("IJ") denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir. 2000). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). There is no dispute that Bah's motion to reopen, filed more than six years after his final order of removal was rendered, was untimely.

Bah contends, however, that the time period for filing his motion to reopen should have been tolled due to his prior counsel's ineffective assistance. Under the doctrine

2

of equitable tolling, ineffective assistance of counsel may toll the time limitation on a motion to reopen if the movant has exercised "due diligence" in pursuing his claim. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). An alien is required to exercise due diligence both before and after he has or should have discovered the alleged ineffective assistance. *See id.* at 132; *Iavorski*, 232 F.3d at 134.

Bah asserts that he believed that his former counsel had filed an appeal and that he was unaware that the IJ had found his asylum application frivolous. He did not attempt to contact his former attorney, however, until over a year after the IJ's decision. Bah admits that he was never able to reach his former attorney and did not pay her entire fee for filing an appeal.

Bah further contends that he ultimately decided not to seek reopening until the agency adjudicated an I-730 petition for classification as a derivative asylee filed on his behalf by his wife. But his motion was filed nearly a year after the denial of that petition. For these reasons, the BIA's determination that Bah did not act diligently was reasonable. *See Rashid*, 533 F.3d at 133 (finding that, even

3

if a petitioner did not "immediately realize . . . that his counsel had been ineffective, due diligence required that he follow up with his attorney after the DHS decision, and if he received no response, to obtain new counsel, seek relief from the agency on his own, or take other affirmative action"); *Iavorski*, 232 F.3d at 134 (finding that petitioner "failed as a matter of law to exercise the requisite due diligence during the period of nearly two years he seeks to toll" where, *inter alia*, the petitioner was unable to reach his attorney after the removal hearing and had never paid the attorney's fee for filing an appeal).

Finally, because Bah did not demonstrate that he acted diligently, his motion was untimely, and it was not necessary for the BIA to consider the merits of his ineffective assistance claims or to review the transcript of the underlying proceedings. See *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (explaining that "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk