15-671
Carranza v. Sessions

BIA
A094 095 153

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

CORNELIO CARRANZA,
> *Petitioner,*

v.                                                      15-671
                                                        NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Perham Makabi, Kew Gardens, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Shelley
                         R. Goad, Assistant Director; Kristen
                         Giuffreda Chapman, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cornelio Carranza, a native and citizen of El Salvador, seeks review of a February 3, 2015, decision of the BIA denying his motion to reopen. *In re Cornelio Carranza,* No. A094 095 153 (B.I.A. Feb. 3, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We find no abuse of discretion in the BIA's denial of reopening. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (reviewing denial of reopening for abuse of discretion). It is undisputed that Carranza's motion to reopen was untimely filed because the agency's order of removal became final in 2010 and Carranza did not file his motion to reopen until 2014, well beyond the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

The BIA did not err in declining to equitably toll the period for Carranza to file his motion based on his claim that his former attorneys were ineffective for failing to reregister him for temporary protected status ("TPS"). Even assuming that

2

prior counsel was ineffective, Carranza had to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

Carranza failed to demonstrate due diligence in pursuing his ineffective assistance claim. Carranza submitted evidence that, after this Court denied his petition for review of his removal order in July 2011, he applied for TPS in December 2011 and hired a new attorney to submit additional evidence in support of that application in February 2013 after receiving a notice that the U.S. Citizenship and Immigration Service ("USCIS") intended to deny TPS reregistration. He further claimed that, after being detained for removal in September 2014, he hired another attorney, who informed him that he could raise an ineffective assistance claim and moved to reopen on his behalf.

Carranza argues that the BIA erred in assuming that he should have discovered the ineffective assistance of his former attorneys when the Court denied his petition in July 2011. This

argument lacks merit for two reasons. First, Carranza reapplied for TPS in December 2011, five months after this Court's denial of his petition, thereby indicating that he was aware of the basis for his claim that his former attorneys should have reregistered for TPS at that time rather than in September 2014 as he suggests. Second, the BIA alternatively found that, even if he was not aware of the claim immediately after this Court's July 2011 decision, he met with a new attorney regarding USCIS's intent to deny him TPS reregistration in February 2013, yet he did not take any action to pursue reopening for more than one year after that. On this record, the BIA did not err in concluding that Carranza had, or should have, discovered the basis for his ineffective assistance of counsel claim at some point during the more than one year that passed between this Court's July 2011 decision denying his petition for review of his final order of removal and his February 2013 meeting with a new attorney regarding his TPS application. *See Rashid*, 533 F.3d at 132–33.

Carranza further argues that, even if he should have discovered his former counsel's ineffective assistance earlier, he acted diligently after the Court's July 2011 decision given that his application to reregister for TPS was

4

pending with USCIS between December 2011 and the filing of his motion to reopen in September 2014. That application with USCIS does not establish that he diligently pursued reopening of his removal proceedings based on ineffective assistance. And given that the statutory time period for timely filing a motion to reopen is 90 days from the date of the final order of removal, 8 U.S.C. § 1229a(c)(7)(C)(i), the BIA did not err in determining that Carranza's unexplained delay of more than one year—from when he spoke to a new attorney in February 2013 and the filing of his motion in September 2014—showed a lack of due diligence. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). The lack of diligence finding was dispositive of Carranza's motion insofar as he sought reopening or equitable tolling based on ineffective assistance. *See Rashid*, 533 F.3d at 131.

Carranza does not challenge the BIA's alternative bases for denying his motion—his failure to establish either his prima facie eligibility for the underlying relief sought so as to warrant sua sponte reopening or changed country conditions excusing his untimely filing. Accordingly, we do not reach those rulings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

5

For the foregoing reasons, the petition for review is DENIED. Carranza's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk