Tai v. Sessions

BIA
A079 141 088

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

ZOU ZONG TAI, AKA ZONG TAI ZOU,
> *Petitioner,*

v.                                                      17-313
                                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jay Ho Lee, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Matthew B. George, Benjamin Mark Moss, Trial Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zou Zong Tai, a native and citizen of the People's Republic of China, seeks review of a January 11, 2017, decision of the BIA denying his motion to reopen as untimely. *In re Zou Zong Tai,* No. A079 141 088 (B.I.A. Jan. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Tai's 2016 motion to reopen was untimely because it was filed more than nine years after his removal order became final in 2007. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). Ineffective assistance of counsel may equitably toll the time limitation on a motion to reopen if the movant has exercised "due diligence" in pursuing the claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). The movant "is required to exercise due diligence both

2

before *and* after he has or should have discovered ineffective assistance of counsel." *Id.* at 132. "[T]here is no period of time which . . . is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not abuse its discretion in concluding that Tai failed to establish due diligence throughout the entire nine-year period he sought to toll. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (citations omitted)). Tai claimed to have consulted six to seven law offices from 2008 to 2010 and twelve to thirteen law offices from 2011 to 2016; however, he submitted only business cards to corroborate these 18 to 20 consultations. Moreover, Tai merely asserted that each law office declined to assist him

because his petition for review from the denial of his initial application had been unsuccessful; he did not elaborate further on those consultations or indicate whether he discussed his prior attorneys' performance or the possibility of filing a motion to reopen his proceedings. Regardless, even crediting Tai's estimate that he visited at least one law office every six months from 2011 to 2016, the BIA did not abuse its discretion in finding lack of due diligence because Tai did not explain why he waited six months or more between visits during this five-year period. *See Rashid*, 533 F.3d at 133 ("[A]n alien is required to exercise due diligence during the *entire* period he seeks to toll."). Moreover, given that Tai was ordered removed in 2007 and has no authorization to remain in the United States, the BIA reasonably determined that his sporadic law office consultations did not reflect diligence. *See Cekic v. INS*, 435 F.3d 167, 171-72 (2d Cir. 2006) (holding that two-year delay between time petitioners learned of expiration of their status and moved to reopen constituted a lack of diligence).

4

We reject Tai's argument that the BIA's reasoning was insufficient. Given Tai's minimal evidence to support his claim, the lack of detail regarding any of his legal consultations, and the BIA's citation to authority requiring due diligence throughout the entire period to be tolled, the BIA's conclusion that Tai did not demonstrate due diligence was within its discretion.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
