22-6268-ag
Mendoza Martinez v. Garland

BIA
Hochul, IJ
A206 471 650

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

GAUDENCIO MENDOZA MARTINEZ,
> *Petitioner,*

v.                                                      22-6268

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**           Paul O'Dwyer, Law Office of Paul O'Dwyer
                              P.C., New York, NY.

**FOR RESPONDENT:**           Brian Boynton, Assistant Attorney General;
                              Russell J.E. Verby, Tim Ramnitz, Senior
                              Litigation Counsel, Office of Immigration
                              Litigation, United States Department of
                              Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gaudencio Mendoza Martinez, a native and citizen of Mexico, seeks review of a May 10, 2022, decision of the BIA affirming a September 8, 2020, decision of an Immigration Judge ("IJ") denying his motion to reopen his removal proceedings. *See In re Gaudencio Mendoza Martinez,* No. A206 471 650 (B.I.A. May 10, 2022), *aff'g* No. A206 471 650 (Immigr. Ct. Buffalo Sept. 8, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, and we review factual findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). A party generally may move to reopen removal proceedings no later than 90 days after the date on which the final

removal ordered was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

Mendoza Martinez filed a motion to reopen his removal proceedings in July 2020, which was more than two years after the IJ ordered him removed in October 2017. He argues that the agency erred in finding his motion untimely under 8 U.S.C. § 1229a(c)(7)(C)(i) because it was akin to a motion to rescind a removal order entered in absentia, for which there is no time limitation if the movant did not receive a hearing notice. That argument fails because under the relevant statute, motions to rescind in absentia removal orders may be filed "at any time," 8 U.S.C. § 1229a(b)(5)(C)(ii), *only* where the removal order was entered upon the movant's failure to appear at a hearing due to lack of notice, or because the movant was in custody and unable to appear. *See* 8 U.S.C. § 1229a(b)(5). In contrast, Mendoza Martinez's removal order was issued *between* hearings *after* he had appeared, conceded removability, and failed to timely apply for any relief from removal. The order was not issued because of his failure to appear at a hearing. Therefore, as the agency concluded, Mendoza Martinez's motion to reopen was subject to the 90-day filing deadline for motions to reopen removal proceedings

3

and his motion, which was filed more than two years after his removal order, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

Ineffective assistance may provide a basis for equitable tolling. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). To prevail on a claim of ineffective assistance of counsel, a movant must show "that competent counsel would have acted otherwise," and "that he was prejudiced by his counsel's performance." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008) (citation and quotation marks omitted). Even if a movant establishes that prior counsel was ineffective and caused prejudice, equitable tolling requires a demonstration of "due diligence" in pursuing the ineffective assistance claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* at 132; *see also Cekic*, 435 F.3d at 170. "[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence in pursuing his claim." *Rashid*, 533 F.3d at 131 (citation and quotation marks omitted).

The agency reasonably concluded that Mendoza Martinez failed to

4

demonstrate due diligence. Mendoza Martinez stated that his former attorney informed him at the end of 2017 that the IJ had ordered him removed. He did not learn that he could seek reopening until hiring his current attorney in 2019, and he then filed a complaint against his former attorney in April 2020 and moved to reopen in July 2020. Because Mendoza Martinez did not allege that he took any action in his case between late 2017 and 2019, which far exceeded the 90-day deadline usually afforded movants to file for reopening, the agency did not err in finding he failed to show that he acted diligently in pursuing reopening based on ineffective assistance during that time. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) ("We have previously held that a petitioner who waits two years or longer to take steps to reopen a proceeding has failed to demonstrate due diligence."). Mendoza Martinez does not challenge the diligence finding here.

Mendoza Martinez's failure to act diligently is dispositive because diligence was required to toll the time for filing the motion to reopen; thus, we need not consider the agency's alternative dispositive findings that he failed to establish a prima facie case for the underlying relief sought or to show that his concession of removability should be withdrawn. *See Rashid*, 533 F.3d at 131; *see also INS v.*

5

*Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

6